UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERRY L. POLING,

       Plaintiff,                  Case No. 2:10-cv-963
                                        JUDGE GREGORY L. FROST
       v.                                Magistrate Judge E.A. Preston Deavers

CORE MOLDING TECHNOLOGIES,

       Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Core Molding Technologies' ("Core") Motion for Summary Judgment (ECF No. 12), Plaintiff Terry L. Poling's Memorandum Contra Defendant's Motion for Summary Judgment (ECF No. 13), and Defendant's Reply Memorandum in Support of Summary Judgment (ECF No. 15). For the reasons that follow, the Court **GRANTS** in part and **DENIES** in part Core's Motion for Summary Judgment.

### I. Background

Defendant Core is a foreign for-profit corporation that operates a production facility in Columbus, Ohio. Core produces fiber reinforced plastic molded products and sheet molding compounds that are used in manufacturing automobiles, personal watercraft, telecommunications equipment, recreational products, automotive aftermarket accessories, cooling tower parts, and other commercial products.

In August 2006, Plaintiff Terry L. Poling began working for Core's maintenance department at its Columbus plant. While he was employed, Plaintiff was a member of the International Association of Machinists and Aerospace Workers, AFL-CIO District Lodge 34,

1

Local Lodge 1471 ("the Union").  As a union member, Plaintiff's employment with Core was covered by the collective bargaining agreement between the company and the Union ("the CBA").  The CBA included a provision dealing with employee attendance, which allowed for a certain number of unpaid days off resulting from unexcused absences and tardiness.  Once an employee exhausted the allotted number of unpaid days off, further unexcused absences would result in termination.

In May 2008, Plaintiff requested coverage for his absences from work under the Family & Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 *et seq*.  This request was based upon Plaintiff's history with Reflex Sympathetic Dystrophy Syndrome ("RSD"); Plaintiff suffered recurring episodes of the condition, and required regular treatment from health care providers.  The request was approved and certified by Core.

On September 21, 2008, Plaintiff claimed to suffer from an episode of RSD that caused him to miss work during a period of mandatory overtime.  By this date, Plaintiff had exhausted all of his allocated paid and unpaid absences provided by the CBA.  Plaintiff submitted evidence to Core that his absence was a result of the previously-certified RSD condition, which would have counted the absence as FMLA leave and not as an unpaid absence.  After reviewing the evidence, Core determined that the absence did not qualify under the FMLA because Plaintiff's evidence did not address why he was unable to work on September 21, 2008.  Plaintiff was therefore charged with a day of unexcused absence and terminated according to the attendance provision of the CBA.

Plaintiff, represented by the Union, challenged his discharge, claiming that it did not meet the CBA's requirement of "just cause" for employee termination.  In a grievance

2

proceeding, arbitrator James M. Klein ruled that the termination did not meet the "just cause" standard. The arbitrator ordered that Plaintiff be reinstated at Core and, after negotiation with Core and the Union, awarded Plaintiff $29,720.64, which covered back pay, benefits, and lost opportunities for overtime resulting from his termination. Plaintiff returned to his position at Core and worked until April 2010, when he was laid off as a result of the company's decision to transfer some of its manufacturing operations in Columbus to a plant in Mexico. The layoff decisions were made according to the CBA, which provided that employees with the least seniority be laid off first. Plaintiff's seniority for the purposes of these layoffs was not affected by his 2008 termination and subsequent reinstatement, as his seniority rights had been restored by the arbitrator's decision.

On October 26, 2010, Plaintiff filed the instant action in the Franklin County, Ohio Court of Common Pleas against Core for violation of Plaintiff's rights under the FMLA. The suit was removed to this Court by Core. (ECF No. 2.)

On January 12, 2011, the Court issued its Preliminary Pretrial Order, which permitted Core to file an initial motion for summary judgment not directed at the substance of Plaintiff's FMLA claim, but rather directed at the claim's potential mootness. (ECF No. 9.) If the action were to survive that motion, the parties would then engage in discovery. Pursuant to that order, on February 28, 2011, Core filed a motion for summary judgment. That motion is ripe for review.

## II. Standard

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

3

56(a).  The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case.  *See Muncie Power Prods., Inc. v. United Techs. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

 The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact."  *Celotex Corp.*, 477 U.S. at 323.  The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)).  "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Muncie Power Prods., Inc.*, 328 F.3d at 873 (quoting *Anderson*, 477 U.S. at 248).  *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the requirement that a dispute be "genuine" means that there must be more than "some metaphysical doubt as to the material facts" ).  Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' "  *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234-35 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

### III.  Discussion

Plaintiff claims that his 2008 termination was an unlawful violation of his rights under the FMLA.  29 U.S.C. §§ 2601 *et seq.*  He seeks compensatory damages in excess of $25,000.00, liquidated damages equal to the amount of lost compensation and benefits, and all recoverable attorney's fees permitted under the FMLA.  29 U.S.C. § 2617.

To establish a violation of FMLA rights, a claimant must show that "(1) she was an eligible employee; (2) employer is a covered employer; (3) employee was entitled to leave under the FMLA; (4) employee gave employer notice of her intent to take leave; and (5) employer denied her FMLA benefits or interfered with FMLA rights to which she was entitled." *Hoge v. Honda of America*, 384 F.3d 238 (6th Cir. 2004).  An employee may recover under the FMLA only if "the employee has been prejudiced by the violation" and the employee has shown "consequential harm" as a result.  *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89-91 (2002).  Once a violation is established, a claimant may seek damages equal to "any wages, salary, employment benefits, or other compensation denied or lost" as a result of the violation, as well as "an additional amount as liquidated damages equal to the sum" of the "denied or lost" wages and compensation.  29 U.S.C. § 2617(a)(1)(A)(i-iii).  An employer can avoid paying an award for liquidated damages by proving that the act or omission at issue "was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation."  29 U.S.C. § 2617(a)(1)(A)(iii).

Core argues that, regardless of whether it violated the FMLA, Plaintiff's claims for compensatory damages addressing lost wages and benefits, equitable relief, additional liquidated damages, and court costs are void for mootness, foreclosed by the fact that Plaintiff previously

5

recovered all lost wages and benefits through the company's arbitration process. Plaintiff contends that he is not foreclosed from bringing suit because of the arbitration award, and that he can recover liquidated damages even if back pay and benefits cannot be awarded.

**A. Compensatory Damages Addressing Lost Wages and Benefits**

In its reply memorandum, Core argues that Plaintiff has conceded his claims for lost wages and benefits resulting from his 2008 termination, and that as a result, Core is entitled to summary judgment on this issue. This Court agrees.

Summary judgment is appropriate when it is shown that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In the present case, Plaintiff has conceded that "Core ultimately paid all back wages owed to [Plaintiff]" and that any factual difference in regard to the repayment is not "so material to affect the outcome of this Court's decision-making process." (ECF No. 13 at 2.) Because there is no contested issue of material fact on this matter, the question becomes whether Core is entitled to judgment as a matter of law. Plaintiff cites no authority suggesting that an FMLA claimant can collect compensatory damages for back pay in a civil suit when these same compensatory damages have already been awarded through the arbitration process. Even the decision in *Jordan v. U.S. Postal Service*, on which Plaintiff relies for his claim to liquidated damages, suggests that only liquidated damages will be available for an FMLA violation when an employer has already awarded sufficient back pay and benefits. 379 F.3d 1196, 1201 (10th Cir. 2004).

Thus, even when viewing the evidence in the light most favorable to Plaintiff and making all reasonable inferences in his favor, Plaintiff has failed to raise a genuine issue of material fact

as to whether he is entitled to compensatory damages if Core were found to have violated the FMLA. Consequently, this Court **GRANTS** Defendant's Motion for Summary Judgment as it applies to Plaintiff's request for compensatory damages.

## B. Equitable Relief

Core has also moved for summary judgment on the Plaintiff's allegation regarding his April 2010 layoff, which was a result of the company moving certain operations to Mexico. Core indicates that Plaintiff appears to request equitable relief related to this layoff. It is not clear from the complaint that Plaintiff requesting this equitable relief. (ECF No. 3, ¶ 10.) In his Memorandum in Opposition to Defendant's Motion for Summary Judgment, Plaintiff clarifies that his claims against Core only concern the 2008 termination. (ECF No. 13 at 1, note 1.)

Thus, to the extent that the complaint requests relief related to Plaintiff's 2010 layoff, the Court **GRANTS** Defendant's Motion for Summary Judgment related to that request.

## C. Liquidated Damages

In addition to compensatory damages for back pay and benefits, Plaintiff claims he is entitled to an equal amount in liquidated damages resulting from Core's alleged violation of the FMLA. Core contends that even if it violated the FMLA, which it claims it did not, Plaintiff's request is foreclosed by the fact that he has already recovered back pay and benefits through the arbitration process, making it impossible to recover additional damages in a civil suit. This Court disagrees.

As set forth above, section 2617 of the FMLA provides that a court shall award liquidated damages to an employee in an amount equal to the sum of "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the

7

violation" and interest calculated at the prevailing rate. 29 U.S.C.A. § 2617(a)(1)(A)(i-iii). Although no court in the Sixth Circuit has addressed the question of whether actual compensatory damages are required as a prerequisite to an award of liquidated damages, the issue has been decided in other jurisdictions.

In *Jordan v. U.S. Postal Service*, the United States Court of Appeals for the Tenth Circuit addressed whether liquidated damages were available in a context similar to the matter *sub judice*. 379 F.3d 1196 (10th Cir. 2004). In that case, the employee had been suspended from the Post Office for six months after "excessive absences" resulting from post-traumatic stress disorder. *Id.* at 1198. After the employee filed a grievance, the Post Office restored all lost wages, benefits, and built-up leave time lost during the suspension, and the employee returned to work. *Id.* Two years later, the employee filed a claim seeking liquidated damages and attorney's fees. *Id.* The district court held, mirroring Core's argument in the present case, that the absence of any possible compensatory damages for denied or lost wages made the calculation and award of liquidated damages impossible. *Id.* In overruling the district court's grant of summary judgment to the defendant, the court of appeals found that compensation that is "unlawfully denied but restored before trial, but after a significant delay" could be considered "denied or lost wages under the FMLA" for the purposes of calculating liquidated damages. *Id.* at 1201 (internal quotation marks omitted).

Core's attempts to distinguish the present case from *Jordan* are unpersuasive. In its reply memorandum, Core argues that the justification of the *Jordan* decision was the fear that an employer would "willfully deny FMLA benefits, force an employee to pursue litigation, and then pay back on the eve of trial thereby avoiding any FMLA liability," and that since Core and the

8

Union had an established grievance procedure that was precisely followed, this concern is not applicable to Plaintiff's claim. (ECF No. 15.) However, this was not the only rationale of the *Jordan* court. The court was also motivated by the fact that the unlawful deprivation of wages for a significant amount of time can result in "damages too obscure and difficult of proof [sic] for estimate other than by liquidated damages." 379 F.3d at 1202 (citing *Renfro v. Emporia*, 948 F.2d 1529, 1540 (10th Cir. 1991)). This concern is clearly at issue in the present case. Plaintiff asserts that he was unlawfully kept from working and receiving compensation for almost fourteen months, longer than the eight months that was considered to be a "significant amount of time" by the *Jordan* court. *Id.* at 1198. The legitimacy of the *Jordan* approach is further evidenced by its use by every federal district court that has considered the present issue since 2004. *See DeFreitas v. Horizon Inv. & Mgmt. Corp.*, No. 2:06CV926, 2010 WL 2901616 (D. Utah 2010); *Persky v. Cendant Corp.* 547 F. Supp. 2d 152 (D. Conn. 2008); *Overly v. Black & Veatch Corp.*, No. Civ.A.05-2161-CM, 2006 WL 1517761 (D. Kan. 2006); *Firth v. Don McGill of West Houston, Ltd.*, No. Civ.A. H-04-0659, 2006 WL 846377 (S.D. Tex. 2006).

Core bases much of its summary judgment motion on the decision of the District Court for the District of Columbia in *Coleman v. Potomac Electric Power Co.* 281 F. Supp. 2d 250 (D. D.C. 2003). This decision, however, is inapposite. In *Coleman*, the district court refused to award liquidated damages to an employee who had his back wages awarded through arbitration after he was terminated in violation of the FMLA. *Id.* at 252. Initially, the case seems to resemble the matter *sub judice*. Yet, the *Coleman* decision does not warrant the significance attributed to it by Core. First of all, its facts are distinguishable from the present case. In *Coleman*, the plaintiff employee missed less than three months of work between his termination

9

and reinstatement, far less than the eight months missed by the plaintiff in *Jordan* and the fourteen months missed by Plaintiff here. *See id.* It is much less likely that the "obscure" damages discussed by the *Jordan* court are as significant during this short a term of unemployment. The court in *Coleman* also did not consider the argument that wages unlawfully denied and then restored after a delay could be considered "denied or lost" for the purposes of section 2617 of the FMLA, perhaps because the plaintiff, proceeding *pro se*, did not raise this possibility at the pleading stage. Furthermore, unlike the decision in *Jordan*, the court's opinion in *Coleman* has never been cited for its holding on the availability of damages absent a compensatory award for lost wages and benefits.

This Court is further persuaded that liquidated damages are available to Plaintiff based on the Sixth Circuit's preference for liquidated damages awards under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C.A. §§ 201 *et seq.* When considering FMLA questions, courts, including the Sixth Circuit, will often look to the language of the FLSA, which mirrors many of the provisions of the FMLA. *See Arban v. West Publ'g Corp.* 345 F.3d 390, 407 (6th Cir. 2003) ("This Court previously has turned to the Fair Labor Standards Act (FLSA), which contains similar remedial provisions, for guidance in interpreting the FMLA."). The legislative history of the FMLA indicates that its enforcement and damages provisions were modeled after those of the FLSA. S. Rep. No. 103-3, at 35-36 (1993), reprinted in 1993 U.S.C.C.A.N. 3, 37-38. Like the FMLA, the FLSA allows for employees harmed by a violation to collect damages that include "payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C.A. § 216(b). This provision of the FLSA has been interpreted by courts as signifying the intent of Congress that liquidated damages should be liberally granted to those adversely

10

affected by FLSA violations.  The Sixth Circuit has found that "liquidated damages are the norm" in FLSA cases, *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004), and courts elsewhere have held liquidated damages to be "mandatory" when a violation has been established.  *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896 (3d Cir. 1991).

      This preference for liquidated damages awards is mirrored in FMLA cases.  The Sixth Circuit has held that, where the law is not clear, there is a strong presumption in favor of "doubling," or allowing employees to recover both back pay and additional liquidated damages. *See Elwell v. Univ. Hosps. Home Care Servs.* 276 F.3d 832, 840 (6th Cir. 2002) (recognizing "the strong presumption under the [FMLA] in favor of doubling").  This suggests that the authors of the statute were not overly concerned with the prospect of "windfall" awards for workers affected by FMLA violations.  Instead, Congress was more concerned with ensuring that employees were fully compensated, even for the "obscure damages that occur when one wrongfully loses wages, even if only temporarily." *Persky v. Cendant Corp.* 547 F. Supp. 2d 152, 165 (D. Conn. 2008) (citing *Jordan*, 379 F.3d at 1201).

      Because this Court is persuaded by the determination of the Tenth Circuit that wages unlawfully withheld and restored only after a "significant delay" are "denied or lost" wages for the purposes of the FMLA, and because of the strong presumption in favor of awarding liquidated damages to affected employees in FMLA and FLSA cases, the Court concludes that Plaintiff's claim for liquidated damages is not foreclosed as a matter of law.  Core will have the opportunity to avoid paying liquidated damages by showing that no FMLA violation occurred or by showing that the action was motivated by subjective good faith and a reasonable belief that it was not an FMLA violation.  29 U.S.C.A. § 2617(a)(1)(A)(i-iii).  However, Plaintiff is not

11

barred at this time from bringing his claim before this Court.  Therefore, this Court **DENIES** Defendant's Motion for Summary Judgment as it relates to Plaintiff's request for liquidated damages.

**D. Attorney's Fees**

When an FMLA claim is successful, a court is required to award "a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C.A. § 2617(a)(3).  Attorney's fees cannot be granted when a plaintiff is not entitled to damages or when the suit is dismissed before trial, and the trial court is given broad discretion in determining the amount of damages awarded.  *Bond v. Abbott Labs.*, 188 F.3d 506 (6th Cir. 1999).  However, attorney's fees and court costs must be awarded when the court finds a violation of the FMLA.  *Id.*

In the present case, Core argues that Plaintiff cannot be awarded attorney's fees because he has already been compensated through the arbitration process.  (ECF No. 12.)  Core's claim in regard to attorney's fees is contingent upon the Court foreclosing as a matter of law Plaintiff's suit for liquidated damages.  This Court has declined to do so.  Because Plaintiff is not kept from bringing this suit, he may also claim attorney's fees and other court costs, even if there is no possibility for compensatory damages for back pay and benefits.  *Bond*, 188 F.3d at 506 ("The court . . . shall, in addition to *any* judgment awarded to the Plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the Defendant.") (emphasis added).  Therefore, this Court **DENIES** Defendant's Motion for Summary Judgment as it relates to Plaintiff's request for attorney's fees and court costs.

### IV.  Conclusion

For the reasons set forth above, the Court **GRANTS** in part and **DENIES** in part Defendant Core Molding Technologies' Motion for Summary Judgment.  Specifically, the Court **GRANTS** the motion as it relates to Plaintiff's requests for compensatory damages and equitable relief, and **DENIES** the motion as it relates to Plaintiff's requests for liquidated damages and attorney's fees.  (ECF No. 12.)

**IT IS SO ORDERED.**

**/s/ Gregory L.  Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**
